UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **EUN JU SONG,**<br><br>      **Plaintiff,**<br><br>      v.<br><br>**BANK OF AMERICA, N.A.** *et al.*,<br><br>      **Defendants.** | Civ. No. 2:14-3204 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

  Plaintiff Eun Ju Song brings this action against Defendants Bank of America, N.A. ("BOA"), America's Wholesale Lender, a former d/b/a of Countrywide Home Loans, Inc. ("Countrywide"), and Green Tree Servicing LLC ("Green Tree"). Plaintiff alleges various claims related to his mortgage, which is in default. This matter comes before the Court on an unopposed motion to dismiss by BOA and Countrywide (together, "Moving Defendants") under Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). For the following reasons, the motion to dismiss is **GRANTED**.

  **I. BACKGROUND**

  On February 23, 2006, Countrywide loaned $282,100.00 to Plaintiff (the "Loan") for the purchase of a property located at 1516 Westgate Drive, Unit 1516, Fort Lee, New Jersey 07024 (the "Property"). Compl. ¶ 12. In return, Plaintiff gave a Countrywide and its successors a promissory note (the "Note") and granted Countrywide's nominee, Mortgage Electronic Registration System, Inc. ("MERS"), a mortgage against the Property (the "Mortgage"). *See* Compl. ¶ 15; *see also* Defs.' Mot. to Dismiss Exs. A, B, ECF No. 3-2.[1] The Complaint alleges that two weeks after Plaintiff closed on the Loan, Countrywide transferred the Loan to the Fannie Mae Remic Trust 2006-22 (the "Trust"), the rights and obligations of which are governed by a pooling and services agreement (the "PSA"). Compl. ¶¶ 18, 25. Plaintiff maintains that this transfer was not properly

---

[1] When deciding a motion to dismiss under Rule 12(b)(6), the Court may consider public records deemed to be indisputably authentic or materials directly relied upon in the Complaint. *See e.g.*, *City of Pittsburgh v. West Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998). Thus, the Court will consider Defendants' Exhibit A (the Note), Exhibit B (the Mortgage), and Exhibit C (the Assignment).

1

effected under the PSA, because no assignment of the Mortgage was ever recorded in the Bergen County Clerk's Office.  Compl. ¶¶ 27-31.

On June 5, 2012, MERS assigned the Mortgage to BOA, as recorded in the Bergen County Clerk's Office (the "Assignment").  *See* Compl. ¶ 35; *see also* Defs.' Mot. to Dismiss Ex. C, ECF No. 3-2.  In addition, Countrywide endorsed the Note in blank, and BOA is now the holder of the Note.  *See* Defs.' Mot. to Dismiss Ex. A.  Plaintiff alleges that a robo-signer executed the Assignment on behalf of MERS, rendering it invalid.  Compl. ¶¶ 43-45.

Plaintiff alleges that "none of the Defendants are holders of the Note, or holder [sic] or properly executed assignments" and, thus, that none of them are entitled to enforce the Loan.  Compl. ¶ 57.  Plaintiff thus seeks a judicial declaration that the title to the Property is "vested solely in Plaintiff."  Compl. ¶ 58.  Plaintiff also alleges that Defendants received mortgage payments from Plaintiff and kept those payments instead of applying them against the Loan or to the actual owner of the Loan.  Compl. ¶ 63.  Finally, Plaintiff alleges that Defendant Green Tree failed to respond to his qualified written request letter under the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §§ 2601-2617.  Compl. ¶ 69.  Moving Defendants seek dismissal of all claims against them.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id.*

### III.    DISCUSSION

Plaintiff's Complaint asserts three counts:  (Count I) Declaratory Judgment and Action to Quiet Title under N.J. Stat. Ann. 2A:62-1; (Count II) Conversion; (Count III) RESPA Violation.  Moving Defendants seek to dismiss all counts.  The Court will address each count in turn.

#### A.  Declaratory Judgment and Action to Quiet Title (Count I)

In Count I, Plaintiff seeks a judicial declaration "quieting title in Plaintiff." Compl. ¶ 61.  New Jersey's quiet title statute allows a plaintiff to maintain an action to "clear up all doubts and disputes concerning" competing claims to land.  N.J. Stat. Ann. 2A:62-1.  The statue contemplates that a complaint will spell out the nature of the competing claims.  *Espinoza v. HSBC Bank, USA, Nat. Ass'n*, No. 12-4874, 2013 WL 1163506, at *3 (D.N.J. Mar. 19, 2013).  Further, a plaintiff must allege facts showing that a defendant's competing interest is wrongful.  *English v. Fed. Nat. Mortgage Ass'n*, No. 13-2028, 2013 WL 6188572, at *3 (D.N.J. Nov. 26, 2013).

Plaintiff asserts three bases for his claim that Defendants are not entitled to enforce the Loan:  (1) that the transfers of the Note and Mortgage were improper, (2) that Defendant's violated the PSA by failing to record an assignment of the Mortgage to the Trust, and (3) that the Assignment is invalid because it was executed by a robo-signer. These allegations fail to demonstrate that Defendants' competing interest in the Property is wrongful.  <u>First</u>, both the Note and the Mortgage expressly state that they may be transferred.  *See* Defs.' Mot. to Dismiss Exs. A at 1, B at 2.  Further, the Mortgage names MERS as the nominee for Countrywide and its successors and assigns.  Thus, MERS, on behalf of the original lender, Countrywide, had the right to assign the Mortgage.  <u>Second</u>, Plaintiff, who is not a party to or an intended third-party beneficiary of the PSA, lacks standing to assert a violation of the PSA.  *See Glenn v. Hayman*, No. 07-112, 2007 WL 894213, at *10 (D.N.J. Mar. 21, 2007); *Santiago v. BAC Home Loans Servicing, L.P.*, 20 F. Supp. 3d 585, 590-91 (W.D. Tex. 2014).  <u>Third</u>, Plaintiff's claim that the Assignment is invalid because it was executed by a robo-signer lacks factual support.  Further, he cannot base his claim on his allegation that the Assignment was somehow fraudulent, because he was not party to the Assignment and does not allege any facts indicating that he relied on the Assignment to his detriment.  *See Liebling v. Garden State Indem.*, 767 A.2d 515, 518 (N.J. Super. Ct. App. Div. 2001).  Accordingly, the Court will grant the motion to dismiss Count I.

#### B.  Conversion (Count II)

In Count II, Plaintiff alleges that Defendants failed to apply his mortgage payments against the loan or to forward them to the actual owner of the Loan.  Compl. ¶ 63.  Plaintiff thus contends that Defendants are liable for conversion.  The Court disagrees.

Under New Jersey law, "[t]he tort of conversion is the wrongful exercise of dominion and control over property owned by another in a manner inconsistent with the owner's rights." *Advanced Enters. Recycling, Inc. v. Bercaw*, 869 A.2d 468, 472 (N.J. Super. Ct. App. Div. 2005). "[A]n action for conversion will not lie in the context of a mere debt. Because a monetary loss can be repaid in whole by other money, allegedly converted money is deemed a mere debt unless there is a requirement that the identical money be repaid." *Am. Rubber & Metal Hose Co. v. Strahman Valves, Inc.*, No. 11-1279, 2011 WL 3022243, at *7 (D.N.J. July 22, 2011). The purpose of this restriction is to avoid turning a claim based on breach of contract into a tort claim. *Chicago Title Ins. Co. v. Ellis*, 978 A.2d 281, 287 (N.J. Super. Ct. App. Div. 2009). Further, to prove a case of conversion, a plaintiff must show that "the property allegedly converted . . . belonged to the injured party." *United Ass'n v. Schmidt*, No. 10-1815, 2011 WL 766057, at *9 (D.N.J. Feb. 24, 2011) (quoting *Sun Coast Merchandise Corp. v. Myron Corp.*, 922 A.2d 782, 800 (N.J. Super. Ct. App. Div. 2007).

Here, any mortgage payments made to Defendants are a mere debt, and Plaintiff's claim sounds in contract not in tort. Moreover, Plaintiff admits the mortgage payments did not belong to him and instead belonged to the true lender or owner of his Loan. Compl. ¶¶ 13, 63. Accordingly, Plaintiff fails to state a cognizable claim for conversion, and the Court will grant Moving Defendant's motion to dismiss Count III.

### C.  RESPA Violation (Count III)

Plaintiff's RESPA claim only relates to alleged conduct and inactions of Green Tree. Accordingly, The Court will grant Moving Defendant's motion to dismiss Count III, and Count III will be dismissed without prejudice as to Moving Defendants.

### IV.  CONCLUSION

For the above reasons, the Court will **GRANT** the motion to dismiss. Because the Court finds that amendment would be futile, the Complaint is **DISMISSED WITH PREJUDICE** as to Moving Defendants. Further, because a court dismissing claims against moving defendants may *sua sponte* dismiss claims against non-moving defendants, Plaintiff's claims against Green Tree in Counts I and II are also **DISMISSED WITH PREJUDICE**. *See Bonny v. Soc'y of Lloyd's*, 3 F.3d 156, 162 (7th Cir. 1993) ("A court may grant a motion to dismiss even as to nonmoving defendants where the nonmoving defendants are in a position similar to that of moving defendants or where the claims against all defendants are integrally related."). An appropriate order follows.

/s William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**

**Date: January 20, 2015**